## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAESAR ROWE | : | **CIVIL ACTION** |
| *Plaintiff, Pro Se* | : | |
| | : | **NO. 14-7018** |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of | : | |
| Social Security Administration | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                          APRIL 17, 2015

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is a motion to dismiss filed by the United States Department of Justice on behalf of the Acting Commissioner of Social Security Administration ("Commissioner"),[1] seeking to dismiss the complaint filed by Caesar Rowe ("Plaintiff") which appeals the final denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), 42 U.S.C. §405(g). [ECF 8].[2] Plaintiff, acting *pro se*, has not filed a response to the motion. This motion is ripe for disposition and for the reasons set forth herein, the Government's motion is granted and Plaintiff's complaint is dismissed.

---

[1] The Government does not cite to a particular Federal Rule of Civil Procedure ("Rule") under which this motion is brought. However, the movant argues that the complaint was not timely filed and is barred by the applicable statute of limitations. Thus, the motion appears to have been filed under Rule 12(b)(6). *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (a limitations defense to be raised by a motion under Rule 12(b)(6) is permitted "only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'") (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). This Court will construe this motion as one filed pursuant to Rule 12(b)(6).

[2] In support of the motion to dismiss, the Government attached the Declaration of Kathie Hartt, Court Case Preparation and Review Branch 2 of the Office of Disability Adjudication and Review ("Hartt Decl."). [ECF 8-1].

## BACKGROUND

The facts relevant to this motion to dismiss are summarized as follows:

On April 26, 2013, an Administrative Law Judge ("ALJ") denied Plaintiff's application for social security benefits. Plaintiff appealed this decision to the Appeals Council. By letter/notice dated October 3, 2014, the Appeals Council issued a final denial notice to Plaintiff. (Hartt Decl., Exh. 2). This denial notice was sent to Plaintiff's 5621 Boyer Street, Philadelphia, Pennsylvania 19138, address.[3] (*Id.*). The notice also included instructions on how to institute a civil action for judicial review of the final decision, and informed Plaintiff of his right to commence a civil action within 60 days from the date of receipt of the notice. (*Id.*). The notice further indicated that the Appeals Council would presume that Plaintiff received the notice letter five days after the date of the notice. (*Id.*).

On December 10, 2014, Plaintiff filed a motion for leave to proceed *in forma pauperis*, which had attached to it his complaint. [ECF 1]. Plaintiff's complaint was purportedly signed and dated on December 9, 2014.

## DISCUSSION

Congress has prescribed the procedures and conditions for judicial review of final decisions made by the Commissioner of Social Security Administration in 42 U.S.C. §405(g). Specifically, this section provides that:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. §504(g).

By regulation, the Commissioner has determined that the commencement of the 60-day period is the date of receipt of the Appeals Council's final denial letter or within the time period allowed by the Commissioner. *See* 20 C.F.R. §422.210(c). The notice of the final decision is presumed to have been received by the claimant five days after the date of the notice. *Id.*; *see*

---

[3] This is the same address identified by Plaintiff in his complaint. [ECF 1-1].

*also* Appeal Council's letter dated October 3, 2014. [ECF 8-1]. Pertinently, the regulation provides:

> Any civil action described in paragraph (a) of this section must be instituted within 60 days after . . . notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of the section, the date of receipt of . . . the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. §422.210(c).

The 60-day time limit is a statute of limitations and because it constitutes a condition on the waiver of sovereign immunity, its application must be "strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). However, under certain circumstances, the 60-day period of limitation may be tolled, as provided for in §405(g). *See id.* at 480 ("Congress has authorized the Secretary to toll the 60-day limit, thus expressing its clear intention to allow tolling in some cases."). Pursuant to the regulations, the 60-day time period to commence a civil action will only be extended upon a showing of good cause by the complainant. *See* 20 C.F.R. §422.210(c). Generally, it is the Commissioner who determines whether to extend the 60-day period; courts should extend that period only in cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

Here, the Appeals Council's decision notice was dated October 3, 2014. Consistent with the letter and a fair reading of the statute and the regulations cited above, Plaintiff had a total of 65 days from the date of the Appeals Council's decision notice in which to commence a civil action. Plaintiff is presumed to have received the final denial notice five days after its mailing, at

3

the latest on October 8, 2014. Therefore, Plaintiff had until Monday, December 8, 2014,[4] to file a complaint challenging the denial of benefits and he failed to do so. *See* 42 U.S.C. §405(g). Plaintiff filed the complaint on December 10, 2014, two days late.

Plaintiff did not respond to this motion to dismiss, nor has he shown any cause or equity in favor of tolling the statute of limitations period. Under the circumstances, Plaintiff's complaint is deemed untimely filed. Therefore, Defendant's motion to dismiss is granted.

**CONCLUSION**

For the reasons stated herein, the motion to dismiss is granted and Plaintiff's complaint is dismissed. An appropriate Order, consistent with this Memorandum Opinion, follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C., J.

---

[4] When calculating the time period, the 65th day fell on Sunday, December 7, 2014. Pursuant to Rule 6(a), the due date was extended to Monday.

4